IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HATTEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-1122 |
| | ) | |
| v. | ) | |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| BAY VALLEY FOODS, LLC, | ) | |
| | ) | |
| Defendant. | ) | Re: ECF No. 8 |

### MEMORANDUM OPINION

Presently before the Court is Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint. For the reasons that follow, Defendant's Motion will be granted and Plaintiff's request for leave to amend will be denied.

RELEVANT FACTUAL ALLEGATIONS

On September 1, 2011, Plaintiff David Hatten ("Plaintiff"), filed his Complaint in the above-captioned case against Defendant Bay Valley Foods, LLC ("Defendant"), alleging that Defendant terminated him from his employment because of his race. Plaintiff alleges that he was terminated on February 13, 2009. Plaintiff further alleges that he satisfied all procedural and administrative prerequisites to suit under Title VII in that "[h]e filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 5, 2009 alleging race discrimination and retaliation and cross filed with the Pennsylvania Human Relations Commission ("PHRC")." (Complaint, ECF No. 1 at ¶ 3(a)). Count IV of the Complaint is a claim for violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA").

LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 129 S. Ct.1937, 1949 (May 18, 2009) (citing *Twombly,* 550 U.S. at 555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly*, 550 U.S. at 556-57).

In *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in *Phillips v. County of Allegheny,* 515 F.3d 224, 232-33 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of *Twombly* and *Iqbal* as follows:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual

matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler*, 578 F.3d at 210.

Thereafter, In light of *Iqbal*, the United States Court of Appeals for the Third Circuit in *Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009), set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,*129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips,* 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'- 'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

Generally, if a court considers matters outside the complaint in deciding a motion to dismiss pursuant to Rule 12(b) (6), the court must convert the motion to one for summary judgment pursuant to Rule 56. Fed. R. Civ. P. 12(d). The court may, however, look beyond the complaint to exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that a defendant attaches as an exhibit to a motion to dismiss if the documents are essential to Plaintiff's claim, without converting the motion to dismiss into a

3

motion for summary judgment. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Therefore, administrative filings, such as the record of the case before the EEOC, may be considered, and the court may dispose of the matter pursuant to Rule 12(b) (6). *See id.* at 1196-97.

Here, Defendant argues that the allegations of the Complaint demonstrate that Plaintiff has failed to exhaust his administrative remedies with regard to his PHRA claim because Plaintiff failed to file a charge with the PHRC within 180 days after the termination of his employment. Plaintiff responds that although the allegations of the Complaint are deficient, he properly exhausted his administrative remedies as to the PHRA when he completed and submitted an EEOC questionnaire on June 24, 2009[1], well within the required 180-day administrative time frame; Plaintiff therefore requests an opportunity to amend Count IV so that he may cure this deficiency.

ANALYSIS

Whether a charge under the PHRA has been filed with the PHRC is a matter of state law. *Woodson v. Scott Paper Co.,* 109 F.3d 913, 925 (3d Cir. 1997). In order to bring a civil action under the PHRA, a claimant must first file an administrative complaint with the PHRC within 180 days of the alleged discriminatory action. 43 Pa. Stat. § 959(a), (h). Here, Plaintiff does not allege that he filed an administrative complaint with the PHRC. Instead, he contends that because he signed the EEOC Intake Questionnaire within 180 days of his termination, and indicated his intention to file a charge of discrimination with the EEOC, he has met the requirements of the PHRA. Plaintiff advances this argument even though the EEOC formal

---

[1] Plaintiff attaches the EEOC questionnaire to his Brief in Opposition to Defendant's Motion to Dismiss at ECF No. 11, and to his Proposed Amended Complaint also attached at ECF No. 11.

charge indicating his intention to dual file with the PHRC, was not filed until well after the 180-day deadline.

"[T]he filing of an Intake Questionnaire with the EEOC is simply not sufficient to constitute the filing of a charge with the PHRC. The PHRC had no notice of Plaintiff's claims until Plaintiff elected to dual file the formal charge of discrimination [with the EEOC]." *Colbert v. Mercy Behavioral Health*, No. 2:11-cv-1195, 2012 WL 113705, *4 (W.D. Pa. Jan. 13, 2012) Here, the formal EEOC charge indicating an intention to dual file with the PHRC was not filed until October 5, 2009, well after the 180-day limitations period for filing a claim pursuant to the PHRA.

Under Pennsylvania law, a charge of discrimination that has been forwarded by the EEOC to the PHRC pursuant to the work-share agreement[2] has been deemed sufficient to satisfy the complaint requirements of the PHRA. *Lantz v. Hosp. of Univ. of Pa.,* Civ.A. No. 96-2671, 1996 WL 442795, *3 (E.D. Pa. July 30, 1996) (citing *Lukus v. Westinghouse Elec. Corp.*, 419 A.2d 431, 452 (Pa. Super. 1980) (other citation omitted)). Nonetheless, a claimant may not rely on the work-share agreement to satisfy all of the requirements of the PHRA to be entitled to the available relief under the PHRA. *Woodson,* 109 F.3d at 927 (citing *Fye v. Central Transp. Inc.,* 409 A.2d 2 (Pa. 1979) ("EEOC procedures are not a sufficient surrogate for PHRC remedies")).

---

2. This Court has previously discussed the work-share agreement as follows:

> In a deferral state such as Pennsylvania that provides an administrative remedy for employment discrimination claims, a claimant cannot file a charge with the EEOC unless that charge has first been filed with the PHRC and either (1) 60 days have transpired or (2) the PHRC has terminated its proceedings. *Woodson*, 109 F.3d at 926. However, the PHRC and the EEOC have entered into a work-share agreement whereby each agency waives its right to initially review claims that are first filed with the other agency. *Id.* at 925-26. Thus, under this agreement, a claim that is first filed with the EEOC, as in the case at bar, may be processed by the EEOC without being investigated initially by the PHRC, as the PHRC has effectively waived its statutory right to initially process discrimination claims. *Id.* at 926. Accordingly, the work-share agreement operates to "terminate" the PHRC proceedings where the complaint is filed initially with the EEOC.

*Zahavi v. PNC Fin. Servs. Grp., Inc.*, No. 07-cv-376, 2007 WL 3053090, *4 n.11 (W.D. Pa. Oct. 18, 2007).

Consequently, a claimant cannot rely on the work-share agreement alone to show that the PHRC received his or her claim, but rather, must show a request to dual file with the PHRC within the 180 day mandatory filing period. *Seybert v. Int'l Grp. Inc.,* Civil Action No. 07-3333, 2009 WL 722291, at *17 (E.D. Pa. March 18, 2009). *See Yeager v. UPMC Horizon*, 698 F. Supp.2d 523, 536-39 (W.D. Pa. 2010) (PHRA charge of discrimination was untimely where no election to dual file was indicated within the 180-day statutory period). *See also Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh,* Civil Action No. 09-1548, 2010 WL 4668469, *5 (W.D. Pa. November 9, 2010) ("Courts in this Circuit interpreting the worksharing arrangement have held that where a plaintiff timely files a complaint with one agency, either the EEOC or the PHRC, coupled with a request for dual filing, then the complaint is deemed filed with both agencies as of that date.").

In the case at bar, in order for the PHRA claim to be timely, the Plaintiff would have to show that the EEOC charge indicated an intention to dual file with the PHRC by August 18, 2009, *i.e.* 180 days after Plaintiff's employment termination. Here, Plaintiff argues that the June 24, 2009 EEOC Questionnaire operates as an EEOC charge and thereby satisfies the requirements of the PHRA. The Court agrees that "documents other than a formal charge may satisfy the charge requirement." *Waites v. Kirkbride Center*, Civil Action No. 10-cv-1487, 2011 WL 2036689, at *6 (E.D. Pa. May 23, 2011); *Joseph v. Pennsylvania*, Civil Action No. 06-4916, 2009 WL 1012464, at *2 (E.D. Pa. April 15, 2009). The EEOC Questionnaire, however, does not indicate a dual filing with the PHRC. Although Plaintiff argues that he indicated dual filing with the PHRC of the October 2009 formal charge filed beyond the 180-day mandatory filing period, there is nothing in the text of the June 2009 Questionnaire to suggest that Plaintiff requested dual filing with the PHRC. Moreover, Plaintiff does not assert that equitable tolling

6

should apply, nor do the factual allegations in the Complaint suggest that any of the reasons for applying equitable tolling are implicated here.[3] Consequently, Plaintiff's PHRA charge of discrimination was not timely filed and Count IV of Plaintiff's Complaint must be dismissed.

CONCLUSION

For the above reasons, Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint will be granted and Plaintiff's request for leave to amend will be denied. An appropriate Order will follow.

BY THE COURT:

_____
LISA PUPO LENIHAN
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: April 17, 2012

cc: All counsel of record
 Via Electronic Filing

---

[3] Pennsylvania's Administrative Code provides for equitable tolling of the 180-day PHRA filing period. 16 Pa. Code § 42.14 (a). Equitable tolling may be appropriate in three situations: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Cunningham v. Freedom Ford Sales, Inc.,* Civil Action No. 03:2006-205, 2007 WL 2404739, * 5 (W.D. Pa. Aug. 17, 2007) (citing *Epps v. City of Pittsburgh,* 33 F. Supp.2d 409, 413 (W.D. Pa. 1998)).